Smith, J.
The controversy in this case is as to the priority of about thirty-four notes, each becoming due at a different time, and the payment of all of which notes was secured by the same chattel mortgage. As stated by Judge Minshall *317 in his opinion in the case of Anderson v. Sharp, 44 Ohio St., 268, and which was concurred in by a majority of the judges of the supreme court who heard the case, “no doubt exists but that between the assignees of notes maturing at different times, and secured by the same mortgage, the holders, in the absence of any agreement to the contrary, are entitled to be paid in the order that the notes mature, and in the case of a sale of the land, the proceeds are to. be marshalled accordingly. — 13 Ohio 240, and 33 Ohio St., 250.”
And in the same case it was held by a majority of the court that where a person holding all of such notes transfers to another person one or more of those last maturing,retaining the others, as between him and the assignee, the latter is entitled to a preference and must be first paid from the proceeds of a mortgage given to secure all of such notes. That it would be inequitable for the assignor, as against bis assignee, to claim priority or even equality with him in the distribution of the proceeds of the mortgaged property, if not sufficient to pay all of them.
In this case the evidence brought into the bill of exceptions, does not show the time when any of these notes were assigned by the payee and mortgagee to any of the persons now holding the same. From all that appears, they may have been so assigned at the same moment, or those first maturing may have been first assigned. In either event, in the absence of any contract between the holders and the assignor, as to the order of payment, it would seem that the rule first stated would apply,and the notes would be entitled to payment in the order of their maturity. No such contract was proved in this case, and the decree of the court was, that the notes should be paid in the order of their maturity. — -and unless there was some other error in the action of the court, we suppose the judgment and decree in this respect were right.
*318 ‘ It is urged however, that the court erred in its ruling as to the admission of evidence at the trial. It was admitted at the trial that the various parties held the notes claimed by them, secured by the mortgage, and the dates, amounts and time of payment of each, and that all of them became the owners of their several notes before maturity and for value. The plaintiffs in error then offered Mrs. Wohlgemuth, the mortgagee and payee of the notes, and her husband,to show that on the day the mortgage was executed at Mr. Werner’s office, and the agreement for the purchase of the drug store for which the note's were given, was made, and when she, her husband, Steinecke, the mortgagor, and Mr. Werner were present, it was agreed between the mortgagor and the mortgagee, that the notes were to be paid equally and ratably out of the mortgaged property, and one note was to be as good as the others under the security. This evidence was objected to by counsel for the defendants in error, on the ground that it was incompetent, irrelevant and immaterial, as the object was to vary, alter- or contradict the terms of the written contract or the chattel mortgage, in question. But the court held that unless the defendants could show that the plaintiff had knowledge of this alleged agreement, it was not competent, and no evidence having been offered tending to show this, the objection to the evidence was sustained, and exception duly taken.
The question thus raised is, whether such evidence so offered was competent in any view.
It does not appear from the question or from the bill of exceptions, whether it was proposed to show that the alleged agreement was made between the mortgagor and the mortgagee, before or after the execution of the notes and mortgage, or before or after their delivery to the mortgagee, or whether there was any consideration therefor. If there was such a. valid, verbal, contract, before the execution and delivery thereof, the question would then arise whether it was *319 incompetent as tending by parol to alter, vary or contradict the terms of the written contract. If the mortgage itself had contained a stipulation as to the order in which the notes were to be paid, and it was proposed to prove a prior oral agreement different therefrom, it would seem clear that it could not be done. It seems however, that it is admissible to prove, “the existence of any separate oral agreement, as to any matter as to which a document is silent, and which is not inconsistent with its terms, if from the circum-. stances of the-case the court infers that the parties did not intend the document to be a complete and final statement of the whole of the transaction between them.” Stephtns’ Digest of the Law of Evidence, art. 90, sub-division 2. As the legal effect of the contract as reduced to writing, in the absence of any valid agreement or arrangement between the holders of the notes, would be to make the notes payable from the proceeds of the mortgaged property in the order of their maturity, there is reason to believe that to show a' parol agreement made between the mortgagor and mortgagee before the execution of the written contract, would tend to alter or vary the terms of the written contract, and therefore, that parol evidence of such contract would not be admissible. But as the views of the members of the court are not exactly in accord upon this point, it is not decided.. But conceding that this alleged parol agreement was before the execution of the written contract, is it binding upon 'thfe subsequent assignees of the notes, who had no knowledge of any such parol arrangement, by virtue of the assignment to them of the notes, and who were relying on the rights given to them by the written contract? We are of the opinion that it is not — and if the alleged agreement was made after the execution and delivery of the notes and mortgage, it is difficult to see how it could affect the holders of the *320 notes who took them by assignment, it may be before such alleged agreement or afterwards, for it is not shown by the bill when any of the notes were assigned.
Ernest Behm and Otto Pfleger, Attorneys for Plaintiff in Error.
Boyce & Boyd, Attorneys for Defendants in Error.
Under the circumstances disclosed, we are not able to say that the rulings of the court on this point were erroneous and prejudicial, and the judgment of the court will therefore be affirmed.
Judge Swing, while thinking the evidence offered was competent, is of the opinion that under the principles announced by the supreme court in' the case of Kernohan v. Manns, 53 Ohio St., 119, the refusal to receive it was not prejudicial to plaintiffs in error.